**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

**KEVIN SUGE KNIGHT,**

           **Petitioner,**

**v.**                                      **Civil No. 2:25cv23**

**PATRICIA L. WEST,
Chair, Virginia Parole Board,**

           **Respondent.**

## ORDER

Petitioner has submitted a petition through counsel pursuant to 28 U.S.C. § 2254. ECF No. 1. Petitioner alleges violations of federal rights pertaining to his convictions in the Circuit Court for the City of Norfolk for first-degree murder, robbery, and two counts of use of a firearm in the commission of a felony. Id.

The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation. The Report and Recommendation ("R&R") issued by the Magistrate Judge recommends (1) an evidentiary hearing on Petitioner's actual innocence gateway claim and (2) that Respondent's motion to dismiss be "dismissed without prejudice" to her right to refile such motion after the evidentiary hearing. ECF No. 24, at 1 (emphasis added).

Each party was advised of their right to file written objections to the findings and recommendations in the R&R. Id. at

6. Respondent timely filed objections arguing that the Magistrate Judge failed to give deference to the factual findings of the Court of Appeals of Virginia and that an evidentiary hearing is unnecessary. ECF No. 25, at 1-6. Respondent also restates arguments made in the motion to dismiss. Id. Petitioner filed a response to the objections highlighting the Court's authority to hold an evidentiary hearing. ECF No. 29, at 3-6. Pursuant to a separate Order issued by the Magistrate Judge, the evidentiary hearing and any related discovery have been stayed pending the resolution of the objections to the R&R. ECF No. 28.

The Court has reviewed relevant portions of the record and carefully considered Respondent's objections to the R&R and Petitioner's response thereto. Having made de novo findings with respect to the portions objected to, the Court hereby adopts and approves the findings and recommendations set forth in the R&R. Importantly, the decision to conduct an evidentiary hearing before resolving a gateway claim of innocence is not tantamount to overturning a state court's credibility determinations. Nor does it evince a disregard of the need to afford deference to the state court's earlier-in-time findings. Contrary to Respondent's suggestion, the fact that the R&R "does not discuss" the prior state credibility findings in an order concluding that expansion of the record is appropriate also does not reveal an openness to an impermissible "de novo do over" of state proceedings in federal

2

court. ECF No. 25, at 2-4. Rather, where the state court did not hold an evidentiary hearing and the record illustrates the potential that Petitioner could succeed on his gateway claim, holding an evidentiary hearing is an appropriate procedural step to ensure that the federal habeas petition is properly resolved. Cf. Teleguz v. Pearson, 689 F.3d 322, 331 (4th Cir. 2012) (noting that the type of credibility determination "required for Schlup [gateway innocence] analysis may be more difficult on a cold record").

Accordingly, it is **ORDERED** that Respondent's Motion to Dismiss (ECF No. 8) is **DISMISSED without prejudice** to the right to refile a similar motion after an evidentiary hearing is conducted.[1]

The Clerk is **REQUESTED** to send a copy of this Order to all counsel of record.

**IT IS SO ORDERED.**

/s/ _____

Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
April 17 , 2026

---

[1] The without-prejudice dismissal does not connote the Court's position one way or the other regarding the merits of Respondent's motion or the ultimate outcome of this federal habeas case. This procedural step simply allows the Court and the parties, including Respondent, to focus on the key dispositive issues as informed by a developed record.